IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| KEVIN CASH, <br><br>     Plaintiff, <br><br> v. <br><br> COUNTRY TRUST BANK, a/k/a <br> COUNTRY FINANCIAL, and TURNER <br> HOLDINGS, LLC, a/k/a/ PRAIRIE <br> FARMS DAIRY, INC. <br><br>     Defendants. | No. 2:17-cv-02611-SHM-tmp |

## ORDER

Before the Court is Defendant Turner Holdings, LLC's ("Turner") July 25, 2018 Motion for Summary Judgment. (ECF No. 68.) Plaintiff Kevin Cash responded on August 15, 2018. (ECF No. 70.) Defendant Turner filed a reply on August 20, 2018. (ECF No. 71.)

For the following reasons, Turner's Motion for Summary Judgment is GRANTED.

## I.  Background

At all relevant times, Plaintiff was an employee of Turner. (Pl.'s Resp. to Def.'s Statement of Undisputed Facts, ECF No. 69 ¶ 1.) On April 27, 2017, Plaintiff received a paycheck from Turner. (Id. ¶ 2.) Although the paycheck credited Plaintiff

with working 76 hours, the amount paid was for 60 hours. (<u>Id.</u> ¶ 3.) The same day, Plaintiff alerted Turner to the error. (<u>Id.</u> ¶ 6.) Turner then issued Plaintiff a check for $298.88, the amount missing from the first check. (<u>Id.</u> ¶¶ 5, 7.) The parties agree that "Plaintiff was fully paid by Tuner for his earned wages on his payday[.]" (<u>Id.</u> ¶ 8.)

On July 20, 2017, Plaintiff filed a Complaint against Defendants Turner and Country Trust Bank in the Shelby County Circuit Court for the Thirtieth Judicial District at Memphis. (ECF No. 1-1 at 9.) Plaintiff brought claims of fraud, unjust enrichment, breach of contract, conversion, negligence, intentional infliction of emotional distress ("IIED"), and negligent infliction of emotional distress ("NIED"). (<u>Id.</u> at 9-17.)

On August 23, 2017, Defendants removed to this Court on the basis of diversity jurisdiction. (Notice of Removal, ECF No. 1 at 2-6.)

On August 30, 2017, Defendants separately moved to dismiss Plaintiff's Complaint. (ECF Nos. 8-10.) Plaintiff responded on November 5, 2017. (ECF Nos. 19-20.)

On November 6, 2017, Plaintiff moved to amend the Complaint. (ECF No. 21.) Turner responded on November 16, 2017. (ECF No. 23.) Country Trust Bank responded on November 20, 2017. (ECF No. 24.)

The Court granted leave to amend the Complaint on December 5, 2017. (ECF No. 28.) Plaintiff filed an Amended Complaint the same day. (Amend. Compl., ECF No. 29.) In the Amended Complaint, Plaintiff brought state law claims of fraud, unjust enrichment, breach of contract, conversion, negligence, IIED, and NIED. (Id.) In the alternative, he brought a claim under ERISA. (Id.)

On December 8, 2017, the Court dismissed as moot Defendants' August 30, 2017 motions to dismiss. (ECF No. 30.)

On December 13, 2017, Turner filed its Motion to Dismiss. (ECF No. 31.) On December 21, 2017, Country Trust Bank filed its Motion to Dismiss. (ECF No. 32.) Plaintiff timely responded. (ECF Nos. 33-34.) Country Trust Bank replied on January 11, 2018. (ECF No. 40.)

On July 10, 2018, the Court dismissed all of Plaintiff's claims except his breach of employment contract claim against Turner. (See ECF No. 67.)

On July 25, 2018, Defendant Turner filed this Motion for Summary Judgment. (ECF No. 68.)

## II. Jurisdiction & Choice of Law

### A. Jurisdiction

This Court has diversity jurisdiction under 28 U.S.C. § 1332 over Plaintiff Cash's remaining state law claim. Cash is a resident and citizen of Memphis, Tennessee. (Am. Compl., ECF

No. 29 ¶ 2.)  Turner is a limited liability company, which is a citizen of every state where its members are citizens.  See Delay v. Rosenthal Collins Grp., LLC, 585 F.3d 1003, 1005 (6th Cir. 2009).  Turner's members are citizens of Illinois and Kansas. (Notice of Removal, ECF No. 1 ¶¶ 14-16.)  Turner is a citizen of Illinois and Kansas.

Plaintiff's Amended Complaint seeks damages in excess of $75,000.  (Am. Compl., ECF No. 29 at 326-27.)  "[T]he sum claimed by the plaintiff controls if the claim is apparently made in good faith."  St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288 (1938); see Mass. Cas. Ins. Co. v. Harmon, 88 F.3d 415, 416 (6th Cir. 1996).  When certain claims are dismissed and the amount in controversy falls below $75,000, the court retains jurisdiction to adjudicate the remaining claims.  See Klepper v. First Am. Bank, 916 F.2d 337, 340 (6th Cir. 1990).  The requirements of diversity jurisdiction are satisfied.

### B. Choice of Law

In a diversity action, a federal district court is required to apply the choice-of-law rules of the forum in which it sits. Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496 (1941); Cole v. Mileti, 133 F.3d 433, 437 (6th Cir. 1998).  Tennessee follows the rule of *lex loci contractus*, meaning that a contract is presumed to be governed by the law of the jurisdiction in

which it was executed. _Ohio Cas. Ins. Co. v. Travelers Indem._
_Co._, 493 S.W.2d 465, 467 (Tenn. 1973).

Plaintiff assumes without argument that Tennessee contract
law applies to his breach of employment contract claim, and
Defendant does not argue otherwise. (_See_ ECF No. 1-1; _see also_
Am. Compl., ECF No. 29.) The Court will apply Tennessee sub-
stantive law. _See_ _GBJ Corp. v. E. Ohio Paving Co._, 139 F.3d
1080, 1085 (6th Cir. 1998) (finding courts need not analyze
choice of law questions _sua sponte_).

### III. Legal Standard

Under Federal Rule of Civil Procedure 56, a court must grant
a party's motion for summary judgment "if the movant shows that
there is no genuine dispute as to any material fact and the
movant is entitled to judgment as a matter of law." Fed. R.
Civ. P. 56(a). The moving party must show that the nonmoving
party, having had sufficient opportunity for discovery, lacks
evidence to support an essential element of its case. _See_ Fed.
R. Civ. P. 56(c)(1); _Asbury v. Teodosio_, 412 F. App'x 786, 791
(6th Cir. 2011) (citing _Celotex Corp. v. Catrett_, 477 U.S. 317,
322-23 (1986)).

When confronted with a properly-supported motion for sum-
mary judgment, the nonmoving party must set forth specific facts
showing that there is a genuine dispute for trial. _See_ Fed. R.
Civ. P. 56(c). "A genuine dispute exists when the plaintiff

5

presents significant probative evidence on which a reasonable jury could return a verdict for her." EEOC v. Ford Motor Co., 782 F.3d 753, 760 (6th Cir. 2015) (en banc) (quotation marks omitted). The nonmoving party must do more than simply "'show that there is some metaphysical doubt as to the material facts.'" Adcor Indus., Inc. v. Bevcorp, LLC, 252 F. App'x 55, 61 (6th Cir. 2007) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986)).

Although summary judgment must be used carefully, it "is an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy, and inexpensive determination of every action[,] rather than a disfavored procedural shortcut." FDIC v. Jeff Miller Stables, 573 F.3d 289, 294 (6th Cir. 2009) (quotation marks and citations omitted).

## IV.  Analysis

Defendant Turner moves for summary judgment on Plaintiff's breach of employment contract claim. (See ECF No. 68.) Turner argues that, because it has "paid all the wages Plaintiff was owed, Turner has not breached its obligation to timely pay Plaintiff all earned and unpaid wages for the April 27, 2017 pay period." (ECF No. 68-1 at 714—15.) Turner contends that, "[b]ecause Plaintiff was timely paid, he also cannot establish that he suffered any damages." (Id. at 715.)

Plaintiff does not dispute that Turner paid him his wages in full, but argues that he is entitled to punitive damages "because Defendant Turner's conduct has been intentional." (ECF No. 70-1 at 747, 750.) Plaintiff also contends he should receive "psychological damages" because Turner's conduct "has caused Plaintiff to receive psychological assistance." (Id.)

To establish a claim for breach of contract under Tennessee law, a plaintiff must show: (1) the existence of an enforceable contract; (2) nonperformance amounting to a breach of that contract; and (3) damages caused by the breach. C & W Asset Acquisition, LLC v. Oggs, 230 S.W.3d 671, 676—77 (Tenn. Ct. App. 2007) (citing ARC LifeMed, Inc. v. AMC—Tenn., Inc., 183 S.W.3d 1, 26 (Tenn. Ct. App. 2005)).

In Tennessee, "[t]he employer-employee relationship is contractual in nature." Hamby v. Genesco, Inc., 627 S.W.2d 373, 375 (Tenn. Ct. App. 1981) (citing 53 Am. Jur. 2d Master and Servant § 14 (1970)); see also Abadeer v. Tyson Foods, Inc., 975 F. Supp. 2d 890, 914 (M.D. Tenn. 2013). The parties agree that "Plaintiff was an employee of Turner and entitled to be paid for the hours he worked for Turner." (ECF No. 69 ¶ 1.) There is no dispute that there was an enforceable employment contract between the parties.

Under Tennessee law, "[t]he usual measure of recovery for breach of contract is the value of the promised performance. The

general principle is that the plaintiff is entitled to be placed
. . . in the same position he would have been in if the contract
had been performed." <u>Allen v. Elliott Reynolds Motor Co.</u>, 230
S.W.2d 418, 424 (Tenn. Ct. App. 1950); <u>see also</u> <u>Grantham & Mann,</u>
<u>Inc. v. Am. Safety Prod., Inc.</u>, 831 F.2d 596, 601-02 (6th Cir.
1987). In the employment context, the measure of damages for
breach of contract is the amount of wages owed to the employee
less any payments to the employee for the wages in dispute. <u>See</u>
<u>Jeffers v. Stanley</u>, 486 S.W.2d 737, 739 (Tenn. 1972). It is
Plaintiff's burden to prove damages by a preponderance of the
evidence. <u>See</u> <u>White v. Parker</u>, No. 1:11-cv-294-TRM-chs, 2018 WL
1279545 (E.D. Tenn. Feb. 20, 2018).

Assuming Turner breached the contract by failing to pay
Plaintiff the full amount he was owed in the first check, Plain-
tiff can recover only the wages Turner owes him minus the wages
he has received from Turner. <u>See</u> <u>Jeffers</u>, 486 S.W.2d at 739.
The parties agree that "Plaintiff was fully paid by Turner for
his earned wages on his payday, April 27, 2017." (ECF No. 69 ¶
8.) Because Turner owes Plaintiff no unpaid wages, Plaintiff
has no damages. Absent evidence of damages, Plaintiff cannot
make a prima facie case for breach of contract. <u>See</u> <u>Lamson &</u>
<u>Sessions Co. v. Peters</u>, 576 F. App'x 538, 543 (6th Cir. 2014)

Plaintiff argues that he is entitled to compensation for
the "psychological damages" Turner caused. (ECF No. 70-1 at 1,

4.) In Tennessee, "the general rule is that there can be no recovery of damages for mental anguish occasioned by a breach of contract." <u>Reitz v. City of Mt. Juliet</u>, No. M201602048COAR3CV, 2017 WL 3879201, at *2 (Tenn. Ct. App. Aug. 31, 2017) (citing <u>Kindred v. Nat'l Coll. of Bus. and Tech., Inc.</u>, No. W2014-00413-COA-R3-CV, 2015 WL 1296076, at *11 (Tenn. Ct. App. Mar. 19, 2015)). There are exceptions to this general rule, but those exceptions do not apply in this case. <u>See</u> <u>Rice v. Van Wagoner Cos., Inc.</u>, 738 F. Supp. 252, 253 (M.D. Tenn. 1990). There is no evidence of physical injury to Plaintiff, and there is no evidence of any conduct that would naturally result in emotional disturbances. <u>See e.g.</u>, <u>Johnson v. Woman's Hosp.</u>, 527 S.W.2d 133, 141 (Tenn. Ct. App. 1975) (finding an exception to the general rule when the mental suffering arises out of the mishandling of human remains).

Under Tennessee law, a plaintiff generally cannot recover punitive damages in a contract action. <u>See</u> <u>Johnson</u>, 527 S.W.2d at 141 (Tenn. Ct. App. 1975). Tennessee permits a plaintiff to recover punitive damages for breach of contract only when he shows "fraud, malice, gross negligence, or oppression." <u>Medley v. A.W. Chesterton Co.</u>, 912 S.W.2d 748, 752-53 (Tenn. Ct. App. 1995). "[A]n intentional breach of contract coupled with malice or recklessness could warrant an award of punitive damages." <u>Stewart Title Co. of Memphis v. First Am. Title Ins. Co.</u>, 44 F.

Supp.2d 942, 965 (W.D. Tenn. 1999). In Tennessee, an award of punitive damages in a breach of contract case is permissible only in "truly exceptional circumstances." <u>Id.</u> at 964-65. Because punitive damages are to be awarded only in "the most egregious of cases," a plaintiff must prove the defendant's intentional, fraudulent, malicious, or reckless conduct "by clear and convincing evidence." <u>Hodges v. S.C. Toof & Co.</u>, 833 S.W.2d 896, 901 (Tenn. 1992).

Plaintiff argues that he should receive punitive damages because Defendant "intentional[ly]" withheld wages from the initial paycheck. (ECF No. 70-1 at 1.) Plaintiff has produced no evidence to support this contention. A conclusory statement, absent specific citation to the record, is insufficient to raise a genuine issue of material fact. <u>See</u> <u>United States v. Davis</u>, No. 05-393-EBA, 2008 WL 1735167, at *4 (E.D. Ky. Apr. 11, 2008). Plaintiff's allegation of intentional conduct, without more, cannot defeat Defendant's Motion for Summary Judgment.

Plaintiff has failed to present evidence of breach of contract "'upon which a reasonable jury could find in his favor.'" <u>Tingle v. Arbors at Hilliard</u>, 692 F.3d 523, 529 (6th Cir. 2012) (quoting <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 251 (1986)). Defendant's Motion for Summary Judgment is GRANTED.

**V. Conclusion**

For the foregoing reasons, Defendant's Motion for Summary Judgment is GRANTED.

So ordered this 17th day of September, 2018.

*/s/ Samuel H. Mays, Jr.*
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT COURT JUDGE